MAZIE COLLINS PIERCE, Appellant,

*v.*

CARL L. PIERCE, Appellee.

(*Jackson*, April Term, 1959.)

Opinion filed May 1, 1959.

SAM C. NAILLING, Union City, for appellant.

MILES & MILES, Union City, for appellee.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

Mazie Collins Pierce filed her bill in the Chancery Court of Obion County in which she made the following allegations:

That she and the appellee are both nonresidents of the State of Tennessee and are residents of Cook County, Illinois; that the object of this suit is to seek an award of alimony or separate maintenance *in solido* and an attachment of real estate belonging to appellee which is located in Obion County, Tennessee.

That she and appellee were married in Tennessee in the year 1920 and lived there until the year 1955 when she left him without fault on her part and that she has remained apart from him since that date. She exhibits a decree for separate maintenance awarded her in the

Superior Court of Cook County, Illinois, and she avers, as shown by said decree, that no award of alimony or support money of any kind was made for her because, she avers, the appellee had no property in Illinois and was not working at the time she filed the suit against him; she avers, however, that in compliance with said decree the appellee has been paying to her the sum of $50 per month for the support of their youngest child who is living with appellant and she has received nothing for herself and for several years has supported herself entirely from her own earnings.

She then avers certain misconduct in the way of infidelity on the part of appellee and alleges in the language of the divorce statutes of the State of Tennessee that he is guilty of such cruel and inhuman treatment, etc., as renders it unsafe and improper for her to cohabit with him, etc. She avers that she is justly due alimony *in solido* and to have attached a certain tract of farm land belonging to appellee and located in Obion County which land is described in the bill, averring the same to be worth about $3,000 and that that is all the real estate owned by him so far as she knows.

The prayer is for support either *in solido* or otherwise and for attachment of said property. The bill is sworn to in the usual form of oath provided for by the statute in regard to bills for divorce.

The attachment was issued on the *fiat* of the county judge and same was levied upon said tract of land.

There was no personal service of process upon the appellee and his attorney, appearing for the sole purpose thereof, filed a plea in abatement to the attachment on

several grounds, only one of which need be referred to.

The appellant filed a motion to strike said plea in abatement. This, of course, is not the proper practice according to Sec. 262 of the 4th Ed. of Gibson's Suits in Chancery, but the Chancellor treated the same as having been set down for argument as to its sufficiency and the same was argued.

The Chancellor overruled the motion, sustained the plea in abatement to the attachment, quashed the levy thereunder and dismissed the original bill; he further held that he did not have jurisdiction either of the subject matter or of the person of the appellee.

■ It is evident from an examination of the original bill that the appellant was proceeding under the attachment statute T.C.A. sec. 23-601 *et seq.* and not on the basis of any sort of equitable attachment. Pretermitting any discussion as to whether said attachment statutes apply to unliquidated claims for separate maintenance and simply assuming that it does for the sake of discussion only, the only possible ground reflected by the bill is that the appellee is a nonresident of the State of Tennessee. Since, however, the bill shows on its face that both parties are nonresidents of Tennessee and residents of the same State, then the bill fails to allege under oath, as required by T.C.A. sec. 23-609, that the property of the appellee had been fraudulently removed to Tennessee to evade the process of law in the State of Illinois. This is fatal to the validity of the attachment in any event.

■ Neither can it be correctly insisted that it is an equitable attachment of property cognizable at law because it is not made to appear that the property is in danger of being transferred to an innocent purchaser or

removed beyond the jurisdiction of the court and that the circumstances are not such as to justify a statutory attachment. See Gibson's Suits in Chancery, Sec. 882, subsec. 2 on page 716 and Sec. 872, subsec. 5, page 706 stating the elements of the equitable attachment of property.

We are, therefore, constrained to affirm the decree of the Chancellor discharging the attachment and dismissing the original bill.

We do not find it necessary to discuss the matter of jurisdiction so interestingly argued by respective counsel but any one who is interested will find a full discussion of the subject in 27 Am.Jur. under Husband and Wife, Sec. 419 beginning on page 25 and in 42 C.J.S. Husband and Wife sec. 615, especially beginning on page 220.

The decree below is affirmed with costs.